UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

HEADWATERS, INC.,
a Massachusetts corporation,

    Plaintiff,

        v.

Aviair LLC,
Huizhou Aviair Electronics Co., Ltd.,
and Bellson Shu Hsien Chou,

    Defendants.

Case No.: 1:21-cv-06303

Hon. John Robert Blakey,
Hon. Jeffrey T. Gilbert

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR TELEPHONE CONFERENCE**

Plaintiff, by and through its undersigned attorneys, responds to Defendants' Motion for a Telephone Conference in order to correct several errors and misrepresentations in Defendants' Motion.

The Plaintiff in this matter is a US based company and the owner of patents covering technological innovations in its products. The Defendants are infringing Plaintiff's patents, and no Defendant has made any substantive rebuttal to Plaintiff's allegations of infringement.

Defendants' motion claims the Complaint is defective as to personal jurisdiction and venue. These claims are factually and legally incorrect. As to personal jurisdiction, Defendants were served with process in this matter and have appeared. Pursuant to Fed. R. Civ. P. 4(k)(1), the act of service alone "establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Separately, the complaint alleges that "each of the Defendants has sufficient minimum contacts within the State of Illinois ... because Defendants purposefully availed themselves of the privileges

1

of conducting business in Illinois, because Defendants regularly conduct and solicit business within Illinois, and because Plaintiff's causes of action arise directly from, *inter alia,* Defendants' business contacts and other activities in the State of Illinois." Compl. ¶9 (Dkt. 45). The Complaint goes on to describe, at length, the foreign Defendants' sales of "Infringing Products through its network of U.S. and foreign distributors" Compl. ¶31. Those e-commerce stores and distributors offered for sale products to consumers in the State of Illinois. Compl. ¶34. Defendants' e-commerce platforms target sales to Illinois customers. *Id.* ¶ 35. Defendants' e-commerce stores offer to ship and have shipped Infringing Products into the State of Illinois, and these acts have damaged Plaintiff. *Id.* ¶36-38. Thus, this case "arises out of or relates to the defendant's contacts with" Illinois. *Keller v. Henderson,* 359 Ill. App. 3d, 605, 613 (2d Dist. 2005).

As to venue, Defendant Huizhou Aviair Electronics Co., Ltd. is a Chinese company. [Dkt. 33-1], and Defendant Bellson Shu Hsien Chou is a resident of Taiwan, not a US State. [Dkt. 33-1]. Defendant Chou also owns Defendant Aviair LLC, which as explained below, is a California limited liability and thus takes the residence of its sole member, Defendant Chou, who is a resident of Taiwan and is thus also regarded as a foreign defendant. Thus, pursuant to binding Federal Circuit precedent, "suits against alien defendants are outside the operation of the federal venue laws." *In re HTC Corp.,* 889 F.3d 1349, 1361 (Fed. Cir. 2018). Pursuant to *HTC,* 28 U.S.C. §1400 does not apply to suits against foreign entities, aliens, and non-residents such as the Defendants. Thus, venue is proper in *any* Federal District Court, including the Northern District of Illinois.

With respect to Defendants' intended motion for sanctions, Plaintiff objects to the filing of any such motion because the purported harms to Defendants were self-inflicted.

On February 3, 2022, Defense counsel contacted Plaintiff's counsel and indicated that, unless Plaintiff dissolved the Preliminary Injunction, it would move the Court for relief and seek

sanctions for a failure to "adequately conduct pre-suit diligence" among other unspecified factors. On the same day, Plaintiff's counsel responded that it would voluntarily dissolve the Preliminary Injunction, provided the Defendants shared basic information to assist the parties in settlement discussions, including, the total gross sales of the infringing products. Defense counsel contended that "conditional" agreement was unacceptable and refused to provide sales information. Defendants then filed their Emergency Motion [32] and subsequently claimed to have billed $75,000 in attorney fees on this one motion, 50% more than the total gross sales of the infringing products, and *exponentially* higher than the value of the accounts frozen by the Preliminary Injunction. Even if Plaintiff's conduct was improper – which it was not – a sanction in this instance would be disproportionate to the value of the case and the value of any purported harm to Defendants.

At every step in this litigation, Plaintiff's conduct has been proper, respectful, and willing to compromise with Defendants. After this Court dissolved the Preliminary Injunction [39] a status conference was held, and on February 28, 2022, Plaintiff filed its Amended Complaint [42]. On March 2, 2022, Defense counsel issued a Rule 11 letter to Plaintiff stating that "unless you immediately withdraw and dismiss *with prejudice* the First Amended Complaint, after the 21-day safe harbor period expires, we intend to move for sanctions with respect to the First Amended Complaint as well." (emphasis added). In this letter, Defense counsel confirmed, for the first time, that the total sale of infringing products was approximately $50,000.

Two days later, Plaintiff responded to the Defendants' letter indicating its legal position regarding personal jurisdiction and venue, and stated that if Defendants could provide evidence that no sales were made into this Judicial District, Plaintiff would agree to dismiss and refile in another district. Defendants never responded.

Plaintiff's letter similarly explained its legal position and the facts plead in the Amended Complaint establishing personal jurisdiction and venue. Plaintiff asked Defendants to provide case law to reach an opposite conclusion or facts to show Mr. Chou resides within the United States. Defendants never responded. Plaintiff offered that, to the extent Defendants disagreed with the Amended Complaint's allegations, Plaintiff requested limited discovery into the actions or non-actions of certain Defendants. Defendants never responded. Finally, Plaintiff rejected Defendants' assertion that a claim chart was required to state a claim and asked Defendant to provide contrary case law. Defendants never responded.

In the same letter, Plaintiff indicated that given the total sales were minimal, a settlement would be in everyone's interest and it would be open to settlement provided the Defendants cease their infringement, pay damages, and promise to infringe no more. Defendants requested a settlement demand, and the parties negotiated a potential settlement of all claims for the next 2 months. Plaintiff believed in good faith that the Parties may have been close to reaching a resolution. However, at the last minute, Defendants aggressively changed their position, based on Defendants' threat to seek monetary sanctions, and discussion has broken down.

For the reasons discussed herein, Plaintiff opposes Defendants' motion for sanctions because the purported harms to Defendants were disproportionate, self-inflicted, and reflected a failure to act reasonably. When Plaintiff offered to dissolve the Preliminary Injunction, Defendants instead sought emergency relief. When Plaintiff offered to engage in a dialogue regarding Defendants' issues with the Complaint, Defendants refused to respond. Defendants have engaged in a pattern of behavior which is entirely consistent with that of an infringing party, in a weak negotiating position, attempting to puff up trivial complaints so as to gain leverage against the party whose patent rights they have been infringing. Defendants' proposed motion for sanctions is

an attempt to enlist this Court in Defendants' bad-faith effort to gain leverage in settlement negotiations, which will simply prolong this litigation. Defendants sought in bad faith to needlessly increase the costs of litigation by creating an objectively false narrative that Plaintiff is responsible for wrongdoing to detract from the real facts—that Defendants infringed upon Plaintiff's rights by making, importing, and selling an infringing product from China into the United States. The Court should decline to entertain this sideshow.

However, to the extent that the Court is inclined to grant Defendants leave to file a motion for sanctions, Plaintiff respectfully requests the opportunity for limited factual discovery to the issues which would be relevant to such a motion, including: (i) facts relating to jurisdiction, (ii) facts relating to venue, (iii) facts relating to any purported damages or costs incurred by Defendants, and (iv) fee agreements, billing, and payments.

Respectfully submitted,

Date: May 4, 2022

/s/ Eric Misterovich
Headwaters, Inc.
Eric Misterovich
John Di Giacomo
*Attorneys for Plaintiff*
Revision Legal, PLLC
444 Cass St., Suite D
Traverse City, MI 49684
Phone: (231) 714-0100
Fax: (231) 714-0200
eric@revisionlegal.com
john@revisionlegal.com

**Certificate of Service**

  The undersigned hereby states that on the date below service was made of the foregoing to the attorneys of record of this case via the Court's ECF system.

                       Respectfully submitted,

Date: May 4, 2022         /s/ Eric Misterovich
                        Headwaters, Inc.
                        Eric Misterovich
                        John Di Giacomo
                        *Attorneys for Plaintiff*
                        Revision Legal, PLLC
                        444 Cass St., Suite D
                        Traverse City, MI 49684
                        Phone: (231) 714-0100
                        Fax: (231) 714-0200
                        eric@revisionlegal.com
                        john@revisionlegal.com